# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (Docket No. 18) filed by defendant DLI Properties, LLC ("DLI"). Plaintiff Lisa O'rrell ("Plaintiff") has not filed an opposition, and the time to do so has now passed. See L.R. 7-9. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 2, 2018, is vacated, and the matter taken off calendar.

## I. BACKGROUND

Plaintiff alleges that her constitutional rights were violated in the course of state-court proceedings relating to certain real property where Plaintiff resides. (See Compl. ¶¶ 1-8, 33-63, Docket No. 1.) In those proceedings, the state court consolidated an unlawful detainer action commenced by DLI with a lawsuit commenced by Plaintiff alleging wrongful foreclosure on that property. (Id. ¶¶ 3, 26; see Compl. Ex. 1, Docket No. 1-1.) On April 13, 2018, the state court entered judgment in favor of DLI as to the unlawful detainer portion of the case. (Compl. ¶ 30; see Compl. Ex. 4.) The wrongful foreclosure action remains pending, although DLI has been dismissed from it. (Compl. ¶¶ 3-6, 32; see Compl. Exs. 2, 3.)

Plaintiff filed her complaint in this federal action on April 30, 2018, naming as defendants DLI and the California Superior Court for the County of Los Angeles. Plaintiff asserts two causes of action against both defendants: First, she seeks declaratory and injunctive relief for violation of her constitutional rights as a result of the state court's resolution of the issue of possession of the property (the unlawful detainer action) while issues of title and fraud (the wrongful foreclosure action) remain pending. (Compl. ¶¶ 35-49.) In her second cause of action, Plaintiff asserts that California's unlawful detainer statutes are unconstitutional. (See id. ¶¶ 50-63.)

On May 18, 2018, Plaintiff filed a motion for a preliminary injunction, noticing a hearing for June 19, 2018. (Docket Nos. 9, 10.) In that motion, Plaintiff seeks to prevent DLI from executing a writ of possession for the property that is the subject of the state-court proceedings while this federal action is

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

pending. On May 22, 2018, Plaintiff filed an ex parte application for a temporary restraining order, seeking the same relief while her motion for a preliminary injunction remains pending. (Docket No. 14.)

On May 23, 2018, the Court issued an Order to Show Cause requiring Plaintiff to explain why this action is not subject to the Rooker-Feldman and Younger abstention doctrines. (Docket No. 15.) See Rooker v. Fid. Tr. Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Also on May 23, the Court denied Plaintiff's application for a temporary restraining order, finding that Plaintiff failed to demonstrate a likelihood of success on the merits in part because of questions about this Court's jurisdiction. (Docket No. 17.)

DLI filed its motion on May 30, 2018. On June 6, 2018, Plaintiff responded to the Court's Order to Show Cause (Docket No. 23), and Plaintiff filed an amended response on June 13, 2018 (Docket No. 24). Plaintiff has not filed an opposition to DLI's motion.

In its motion, DLI seeks dismissal of this action under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction, arguing that the Rooker-Feldman doctrine applies. (Mot. at 7-9.) DLI also seeks dismissal under Rule 12(b)(6) (id. at 6-7, 9-10), but because it is dispositive, the Court only considers DLI's motion under Rule 12(b)(1).

## II. LEGAL STANDARD UNDER RULE 12(B)(1)

A party may move to have a complaint dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists, and the Court's inquiry is not confined to the facts contained in the four corners of the complaint. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Americopters, LLC v. FAA, 441 F.3d 726, 732 n.4 (9th Cir. 2006). When moving under Rule 12(b)(1), a party may either show that the allegations of the complaint, taken as true, are insufficient to invoke federal jurisdiction, or present evidence to dispute allegations that, by themselves, would otherwise be sufficient to invoke jurisdiction. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); see Safe Air for Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004). Courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); see Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F. 3d 1090, 1094 (9th Cir. 2008); Safe Air, 373 F. 3d at 1039.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

### III.  DLI'S REQUEST FOR JUDICIAL NOTICE

In support of its motion, DLI has requested that the Court take judicial notice of a Trustee's Deed Upon Sale issued to DLI and recorded on April 5, 2017 as well as several documents from the state-court proceedings: the unlawful detainer complaint that DLI filed against Plaintiff, Plaintiff's complaint in the wrongful foreclosure action, an order dismissing DLI from the wrongful foreclosure action, and an order granting DLI's motion for summary judgment in the unlawful detainer action. ("RJN," Docket No. 18-1.)  DLI's request for judicial notice is granted.  See Fed. R. Evid. 201; Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1263-64 (C.D. Cal. 2010) (taking judicial notice of title documents, including a deed upon sale, and collecting cases); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record).

### IV.  DISCUSSION

Because DLI's motion noticed a hearing for July 2, 2018, any opposition was due on or before June 11, 2018.  See L.R. 7-9.  Under the Local Rules, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." L.R. 7-12.  Plaintiff's failure to file a timely opposition thus is sufficient reason to grant DLI's motion. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); Melton v. Bank of Am., N.A., No. CV 15-06391 DDP (AGRx), 2016 WL 5858621, at *1 (C.D. Cal. Oct. 5, 2016).  Additionally, the Court agrees with DLI that this federal action is barred by the Rooker-Feldman doctrine.  (See Mot. at 7-9.)

#### A.  The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004); see Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858 (9th Cir. 2008) ("The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments.").  "The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  "The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)).  However, the doctrine also applies where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

require the district court to interpret the application of state laws or procedural rules." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003); see Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). It is immaterial whether the plaintiff frames his claims as a constitutional challenge rather than as a direct appeal of the state court judgment. Cooper, 704 F.3d at 781; Bianchi, 334 F.3d at 901 n.4.

**B.  Analysis**

All requirements for application of the Rooker-Feldman doctrine are satisfied here.  First, this action relates to a state-court judgment entered against Plaintiff prior to this action's filing.  DLI has been dismissed from the wrongful foreclosure case (Compl. ¶¶ 3-6, 32; Compl. Exs. 2, 3; RJN Ex. 4), and the state court has issued a final judgment in DLI's favor in the unlawful detainer case (Compl. ¶ 30; Compl. Ex. 4; RJN Ex. 5).  Although Plaintiff could have appealed, she did not do so.[1]  See Estate of Gonzalez, 269 Cal. Rptr. 68, 70 (Ct. App. 1990) ("It is well settled that where, as here, there is a judgment resolving all issues between a plaintiff and one defendant, then either party may appeal from an adverse judgment, even though the action remains pending between the plaintiff and other defendants." (citing Cal. Civ. Proc. Code § 579 and collecting cases)).  Even though some portion of the consolidated state-court action remains pending, the judgment is final for purposes of the Rooker-Feldman doctrine.  See Mothershed v. Justices of Supreme Court, 410 F.3d 602, 604 n.1 (9th Cir. 2005) ("Proceedings end for Rooker-Feldman purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level."); Feldman v. McKay, No. CV 15-04892 MMM (JEMx), 2015 WL 7710145, at *5 (C.D. Cal. Nov. 25, 2015) (finding that state court's entry of summary judgment in unlawful detainer action was final where neither party sought further action in state court, explaining that "although at the time the federal case was filed, plaintiffs' time to appeal the state court decision had not yet expired, plaintiffs' election to pursue a federal remedy in lieu of appealing the state decision triggered Rooker-Feldman").

Second, with this federal action, Plaintiff effectively seeks appellate review of the state court's judgment.  "To determine whether an action functions as a de facto appeal, [courts] pay close attention to the relief sought by the federal-court plaintiff.  It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  Cooper, 704 F.3d at 777-78 (citation omitted) (internal quotation marks omitted).  In her prayer for the relief, Plaintiff seeks the following:

---

[1]  The Court takes judicial notice of the records of the Los Angeles County Superior Court, available at http://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil, and the California Court of Appeal, available at http://appellatecases.courtinfo.ca.gov/.  See Reyn's Pasta Bella, 442 F.3d at 746 n.6.  Those records indicate that Plaintiff has not appealed the judgment in DLI's favor.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

       1.      Declaratory judgment declaring DLI's use of the unlawful detainer summary proceeding while the issue of title and fraud is still pending, violated the California Unlawful Detainer Statutes and in so doing, violated Ms. O'rrell's constitutional rights;

       2.      Or Alternatively, that the California Unlawful Detainer Statutes as to homeowners (prior/hold over), as unconstitutional when the statute fails to allow homeowners adequate time to fully litigate the issue of title and fraud, thereby violating the homeowner's constitutional rights to equal protection under the law.

       3.      A declaratory judgment declaring the judgment awarding possession and damages to DLI as null and void and an injunction from execution of any writ of possession.

(Compl., p. 12.) Plaintiff explicitly requests that this Court declare the state-court judgment invalid and enjoin its enforcement, and Plaintiff has also sought preliminary injunctive relief to prevent DLI from executing a writ of possession. (Docket Nos. 9, 10, 14.) It thus is clear that Plaintiff seeks to have this Court review the state-court judgment.

      In her response to the Court's May 23 Order to Show Cause, Plaintiff argued that she is not challenging adverse state-court decisions but rather the state statute under which they were made. (Docket No. 23 at 10; Docket No. 24 at 14.) However, Plaintiff's complaint focuses on the decisions of the court in her particular case. (E.g., Compl. ¶¶ 3-6, 33, 34.) Plaintiff's first cause of action, nominally a claim for a declaration that her constitutional rights were violated, focuses on the merits of the state-court proceedings. (Id. ¶¶ 35-49.) Her second cause of action asserts that California's unlawful detainer statutes are unconstitutional as applied in her case. (See id. ¶ 58.) As a result, this action falls within the purview of Rooker-Feldman. See Cooper, 704 F.3d at 780-81. To the extent that Plaintiff's constitutional arguments are distinct from the alleged errors under state law made by the state court, those arguments are inextricably intertwined with the state-law issues, as they would undercut the state court's ruling or would require this Court to consider the application of state laws or procedural rules. See Bianchi, 334 F.3d at 898; see also Fonseca v. Kaiser Permanente Med. Ctr. Roseville, 222 F. Supp. 3d 850, 859 (E.D. Cal. 2016) ("In some instances, the independent constitutional claims a plaintiff asserts in federal court may not be possible to disentangle from a state court's earlier decision. If that is the case, then the federal district court may not review the state court decision." (citation omitted)).

      The Rooker-Feldman doctrine is not implicated when a federal action is based on a state-court litigant's "extrinsic fraud," or conduct that prevents the federal plaintiff from presenting a claim in court. See Reusser, 525 F.3d at 859. Here, Plaintiff alleges various errors made by the state court, and fraud is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3652 PA (AFMx) | Date | June 14, 2018 |
|---|---|---|---|
| Title | Lisa O'rrell v. Superior Court of California County of Los Angeles, et al. | | |

only mentioned in the complaint only in the context of the claims that Plaintiff asserted in state court. (E.g., Compl. ¶¶ 5-7, 22-34.) The extrinsic fraud exception does not apply.

Accordingly, the Court concludes that this action is barred by the Rooker-Feldman doctrine.

### C. Leave To Amend Is Not Warranted

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted). Here, leave to amend is not warranted because Plaintiff's claims center on the allegedly improper resolution of Plaintiff's case in state court, falling squarely within the Rooker-Feldman doctrine. See, e.g., Obeng-Amponsah v. Naiman, 677 F. App'x 425 (9th Cir. 2017) (affirming dismissal without leave to amend of foreclosure-related claims under Rooker-Feldman doctrine "because the jurisdictional defect could not be cured by amendment").

### Conclusion

For all of the foregoing reasons, DLI's Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and Rule 12(b)(6) is granted. Although only DLI has moved for dismissal, the Court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because the Court concludes that it lacks subject matter jurisdiction, the Court dismisses this action without prejudice. Plaintiff's Motion for a Preliminary Injunction (Docket Nos. 9, 10) is denied as moot.

IT IS SO ORDERED.